IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Peter Barnes, #347845, ) | C/A No.: 1:15-1614-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina Dept. of Corrections; ) | |
| Ridgeland Correctional Inst.; and S.C. ) | |
| Dept. of Probation, Parole, and Pardon ) | |
| Services, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

John Peter Barnes ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Ridgeland Correctional Institution ("RCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He filed this action pursuant to 42 U.S.C. § 1983 alleging that SCDC, RCI, and South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS") (collectively "Defendants") violated his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff filed this complaint alleging civil rights violations and cruel and unusual punishment. [ECF No. 1 at 2]. Plaintiff says that he entered SCDC on September 21,

2011, using metal crutches, but that SCDC replaced the metal crutches with wooden crutches. *Id.* at 3. Plaintiff states that on March 28, 2013, RCI medical staff replaced his crutches with a metal walker for security reasons. *Id.* Plaintiff used the walker "as a cane in the closed position," but it was taken from him on November 11, 2014, for his failure to comply with orders that he must use the walker in an open position *Id.*

Plaintiff alleges that although he was told that he would be provided a wheelchair to use to report to medical, he was not provided a wheelchair, and instead crawled part of the distance to medical. *Id.* Plaintiff says that medical told him that he would not receive any further medical assistance, citing reports that he was not using the walker at all and that he did not exhibit any need for medical aid. *Id.* Plaintiff alleges that his pain medication for his arthritis was discontinued. *Id.* Plaintiff states that he was returning to his dorm with the assistance of another inmate when his right leg collapsed and he fell to the ground. *Id.* at 3–4. Plaintiff states that he returned to medical and his injured knee was treated, but claims that the walker was not returned until November 19, 2014. *Id.* Plaintiff argues that "the denial of medical treatment includes: pain in both hands, both wrists, and right elbow; double hernia." *Id.*

Plaintiff alleges that he requested assistance from SCDPPPS "asking that they use their authority to grant [him] relief." *Id.* Finally, Plaintiff states that he was denied parole on December 17, 2014, and argues that the decision was predetermined and that the basis for the denial was not fully explained. *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.	Discussion

    A.	Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure

3

in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. W*est v. Atkins*, 487 U.S. 42, 48 (1988).

    1. Improper Defendant

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names RCI, a facility primarily used to house inmates serving state sentences, as a defendant. Because RCI is not a person amenable to suit under § 1983, RCI should be summarily dismissed.

2. Sovereign Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). As state agencies, SCDC and SCDPPPS are immune from Plaintiff's claims for damages or injunctive relief under § 1983. The undersigned recommends that SCDC and SCDPPPS be summarily dismissed from the action.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 20, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).